UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF DYLAN BUCHMAN, by Its
Special Administrator AMANDA BUCHMAN,

        Plaintiff,

ZURICH AMERICAN INSURANCE COMPANY

        Involuntary Plaintiff,

v.                                                                                            Case No. 22-cv-1537-bhl

C.K. DRILL, LLC, LANGE LANGE & ARNOLD, INC
And THE CINCINNATI INSURANCE COMPANY,

        Defendants.

## ORDER DENYING MOTION TO REMAND

        The Estate of Dylan Buchman, by its Special Administrator Amanda Buchman, seeks a remand of this removed case back to state court pursuant to 28 U.S.C. §1447. (ECF No. 6.) The Estate contends the case must be remanded because the amount in controversy does not meet the minimum for this Court's diversity jurisdiction. (*Id.*) While that motion was pending, the Court also directed the defendants to address whether remand was otherwise required because not all the defendants had joined in the notice of removal, as required by 28 U.S.C. §1446. The briefing on the Estate's motion is now completed, and the defendants have responded to the Court's procedural question. Based on the record, the Court is satisfied that it has jurisdiction and any defect in the notice of removal has been cured. Accordingly, the motion to remand is denied.

## BACKGROUND

        This case began when the Estate filed a products liability complaint in Sheboygan County Circuit Court on October 18, 2022. (ECF No. 1-1.) The complaint alleges that Defendants CK Drill, LLC and Lange Lange & Arnold, Inc., are liable under strict liability and negligence theories for the wrongful death of 21-year-old Dylan Buchman, who was killed in a workplace accident involving an allegedly defective drill that the companies "designed, engineered, manufactured …

and sold." (*Id*. ¶10.) The complaint also names the Cincinnati Insurance Company as a defendant under Wisconsin's direct action statute, Wis. Stat. §632.24. (*Id*. ¶24.)

The Estate served CK Drill "[o]n or about" December 1, 2022. (ECF No. 1 at 1.) Three weeks later, on December 22, 2022, CK Drill removed the suit to this Court pursuant to 28 U.S.C. § 1441. (ECF No. 1 at 2.) CK Drill was the only defendant to sign the removal notice, which said nothing about whether the other two defendants consented to removal. (*Id.* at 4.) Instead, with respect to each, the removal notice simply stated, "[t]o date, this defendant has not indicated or communicated to the Removing Defendant that it will not consent to removal to federal court." (*Id.* at 3.)

On January 17, 2023, the Estate moved to remand the case. (ECF No. 6.) On that same date, the other defendants, Lange Lange & Arnold and the Cincinnati Insurance Company, filed notice of their consent to removal. (ECF Nos. 11 & 16.) Lange Lange & Arnold also requested an extension of time to file its answer to the Estate and to CK Drill's crossclaim. (ECF No. 12.) On January 19, 2023, the Court stayed all deadlines pending resolution of the Estate's motion to remand. (ECF No. 18.) In its stay order, the Court also affirmatively questioned whether removal was defective given that not all defendants had affirmatively consented to the removal in the notice of removal. (*Id.*) The Court ordered all defendants to show cause why the case should not be remanded for their failure to comply with 28 U.S.C. § 1446. (*Id.*) The defendants (and the Estate) responded to the Court's order on January 25 and 27, respectively. (ECF Nos. 20 & 21.)

## ANALYSIS

### I. Defendants Have Shown that the Amount in Controversy Exceeds $75,000.

The Estate insists the case must be remanded because the amount in controversy is insufficient to support federal diversity jurisdiction. (ECF No. 6.) Under 28 U.S.C. § 1332(a), this Court has jurisdiction over disputes between citizens of different states in which the amount in controversy exceeds $75,000. *See Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011). In removed cases, the removing party has the burden of establishing by a preponderance of the evidence that the jurisdictional amount has been satisfied. *Id.* (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). If the complaint does not include a specific dollar figure, the removing party must establish "a 'reasonable probability' that the amount in controversy exceeds $75,000." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (citations omitted). Once the proponent makes that showing, federal jurisdiction is only defeated "if it

appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll*, 658 F.3d at 680 (citing *Back Doctors Ltd. v. Metro. Prop. & Cas. Co., Inc.*, 637 F.3d 827, 830 (7th Cir. 2011)); *see also Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)); *Oshana*, 472 F.3d at 511. The amount in controversy is evaluated as of the time of removal. *Carroll*, 658 F.3d at 680–81 (citing *Oshana*, 472 F.3d at 511).

The Defendants acknowledge that the complaint does not demand an exact sum.[1] (ECF No. 1 at 2.) Defendants insist, however, that the Estate's claims will exceed $75,000 given the nature of the allegations in the complaint. (*Id.*) This seems obvious. The complaint concerns the wrongful death of Dylan Buchman, who is alleged to have suffered a terrible accident in which his "face and arm were mutilated and torn from his body." (ECF No. 1-1 ¶7.) After the accident, he spent three days on life support before he ultimately passed away at the age of 21. (*Id.*) Based on this tragic accident, the complaint seeks damages for "pain and suffering, medical bills, funeral expenses, and any other allowable damages." (*Id.* at 8.) From these allegations, the Court has little difficulty in concluding that this dispute concerns more than $75,000.

To defeat jurisdiction in the face of these allegations, the Estate must show "to a legal certainty" that the amount in controversy is less than $75,000. *Meridian Sec.*, 441 F.3d at 541 (quoting *St. Paul Mercury*, 303 U.S. at 289). The Estate falls well short of doing so. It simply insists that as plaintiff, it is "the master of the claim" and therefore "decides how much money to demand." (ECF No. 7 at 3.) According to the Estate, because it could potentially recover less than the jurisdictional threshold of $75,000, removal was improper. (*Id.* at 3–4.) This argument misunderstands the legal test. Defendants' burden is not to show that the Estate will certainly get more than $75,000; it is to show that the Estate hopes to receive more than that amount. *Rising-Moore*, 435 F.3d at 816. There is no doubt that Defendants have made this showing, and there is equally no doubt that the Estate has not shown that it is legally certain that less than $75,000 is at issue. The legal-certainty test is a high bar and nothing the Estate offers rises close to that level. *Carroll*, 658 F.3d at 681 ("The legal-certainty test sets the bar high for excluding federal subject-matter jurisdiction, and for good reason: District courts should not get bogged down at the time of removal in evaluating claims on the merits to determine if jurisdiction exists."). Given the extent

---

[1] This omission is hardly surprising. Wisconsin civil procedure specifically prohibits tort plaintiffs from specifying the amount of money sought in their pleading. Wis. Stat. §802.02(1m)(a).

of Buchman's injuries, multi-day hospital stay, and tragic death, damages are likely to far exceed the jurisdictional threshold. This suit is properly before this Court.

**II.     Defendants' Procedural Failure to Join the Removal Notice Unanimously and Timely Does not Require Remand.**

The procedure for achieving removal in set forth in 28 U.S.C. § 1446. Among other things, Section 1446 requires that all properly joined and served defendants join the notice of removal. *See* 14C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc., § 3723 (Rev. 4th ed. Apr. 2022); Wright & Miller, § 3730; *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) ("[R]emoval requires the consent of *all* defendants.") (citing *Hanrick v. Hanrick*, 153 U.S. 192 (1894); *Torrence v. Shedd*, 144 U.S. 527 (1892); *Phoenix Container, L.P. v. Sokoloff*, 235 F.3d 352 (7th Cir. 2000)). Here, not all of the defendants joined in the initial notice of removal. Accordingly, the Court directed them to brief whether this procedural defect required remand. Based on the briefing that followed and the Court's own review of the law, it is convinced that remand is not required.

The removal procedural statute is clear that defendants do not have to sign the notice of removal itself. 28 U.S.C. § 1446(b)(2)(A); Wright & Miller, § 3730. They may file written consent separately in other papers on the docket. *Id*. But the statute requires all defendants to join in or consent within thirty days of service. *In re Bridgestone/Firestone, Inc., ATX, ATX II*, 128 F. Supp. 2d 1198, 1200 (S.D. Ind. 2001) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)). Here, defendants Lange Lange & Arnold and the Cincinnati Insurance Company did not consent to CK Drill's notice of removal until January 17, 2023, more than 30 days after they were served. (ECF Nos. 11 & 16.) Thus, their consent was untimely under the statute.

Whether the untimeliness of these consents requires remand is not clearly answered by the statute. If the untimeliness affected the Court's jurisdiction, it would have no choice but to remand. *See Holmstrom v. Peterson*, 492 F.3d 833, 836 (7th Cir. 2007). But here the defect is one of mere procedure. In a similar situation, the Seventh Circuit held that a district court could not *sua sponte* remand a case for a procedural defect absent a motion to remand because the defect could be waived. *See Pettitt v. Boeing Co.*, 606 F.3d 340, 342–43 (7th Cir. 2010). Given the teaching in *Pettitt*, the Court will not remand the case. The defendants have a right to invoke the Court's diversity jurisdiction by removing the case, and the Court will not deny them that right based on a mere procedural mistake where plaintiff did not timely object. While the Estate has moved to remand, its motion is not based on this procedural issue, but on a (highly dubious) challenge to the

amount in controversy.  Having not timely challenged defendants' failure to consent to removal within the time limits of the statute, the Estate has waived the issue.  *See* 28 U.S.C. § 1447(c); *Pettit*, 606 F.3d at 343 ("Such [procedural] defects are waived if a party does not bring a timely motion to remand the case to state court."); *see also Andreshak v. Serv. Heat Treating, Inc.*, 439 F. Supp. 2d 898, 900 (E.D. Wis. 2006) (questioning whether the plaintiff properly raised the issue in within "one thin paragraph, placed only in a footnote").

Accordingly,

**IT IS HEREBY ORDERED** that the Estate's motion to remand is **DENIED**.

Dated at Milwaukee, Wisconsin on March 14, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge