UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESTATE OF DYLAN BUCHMAN, by Its
Special Administrator AMANDA BUCHMAN,

        Plaintiff,

ZURICH AMERICAN INSURANCE COMPANY

        Involuntary Plaintiff,

v.                                                       Case No. 22-cv-1537-bhl

C.K. DRILL, LLC, LANGE LANGE & ARNOLD, INC
And THE CINCINNATI INSURANCE COMPANY,

        Defendants.

## ORDER

        On December 22, 2022, CK Drill, LLC removed this products liability case from Sheboygan County Circuit Court. (ECF No. 1.) The complaint alleged that Defendants CK Drill, LLC and Lange Lange & Arnold, Inc. are liable under strict liability and negligence theories for the wrongful death of 21-year-old Dylan Buchman, who was killed in a workplace accident involving an allegedly defective drill that the companies "designed, engineered, manufactured and sold." (ECF No. 1-1 ¶10.) The complaint also named the Cincinnati Insurance Company (CIC) as a defendant under Wisconsin's direct action statute, Wis. Stat. § 632.24. (*Id.* ¶24.) The Estate of Dylan Buchman (the Estate) moved to remand the case back to state court on January 17, 2023, which the Court denied on March 14, 2023. (ECF Nos. 6 & 26.) Prior to the Rule 26(f) scheduling conference, the Cincinnati Insurance Company filed a motion for summary judgment, arguing that because their policy does not apply to defendant Lange, they have no duty to defend or indemnify Lange and the Estate therefore has no claim against them either. (ECF No. 28 at 3.) The Estate filed its brief in opposition to CIC's motion for summary judgment and also filed a motion to dismiss CIC without prejudice. (ECF Nos. 40 & 41.) The same day, the Estate filed an amended complaint that named only Diedrich Drill (also known as C.K. Drill, LLC) and Diedrich Drill, Inc. (also known as Lange, Lange & Arnold, Inc.) (ECF No. 42.)

An amended complaint supersedes the original. *Pirant v. U.S. Postal Serv.*, 542 F.3d 202, 207 (7th Cir. 2008). Therefore "where the original complaint and an amended complaint contain contradictory or mutually exclusive claims, only the claims in the amended complaint are considered." *Scott v. Shuhak & Tecson, P.C.*, 725 F.3d 772, 783 (7th Cir. 2013). *See also Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015) ("Rule 15(a) allows a plaintiff to amend his complaint—including by adding or dropping parties and claims…."). Because the Estate's amended complaint does not name CIC as a defendant, CIC is therefore no longer a party to this case. CIC's motion for summary judgment and the Estate's motion to dismiss are therefore both denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Cincinnati Insurance Company's motion for summary judgment, ECF No. 28, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Estate of Dylan Buchman's motion to dismiss Cincinnati Insurance Company without prejudice, ECF No. 40, is **DENIED** as moot.

Dated at Milwaukee, Wisconsin on July 27, 2023.

                s/ *Brett H. Ludwig*
                BRETT H. LUDWIG
                United States District Judge